**FILED**
**Jun 25, 2026**
**08:35 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **NICOLE FLOWERS,**<br>　　　　　**Employee**,<br>**v.**<br>**APCOM,**<br>　　　　　**Employer**,<br>**and**<br>**SENTRY INS. CO,**<br>　　　　　**Carrier**. | **Docket No. 2026-50-2217**<br><br><br>**State File No. 860099-2026**<br><br><br>**Judge Dale Tipps** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### (*DECISION ON THE RECORD*)

---

The Court considered this case on June 18, 2026, for an expedited hearing on the record. The issue is whether Ms. Flowers is likely to prevail on medical and temporary disability benefits at trial. Without evidence that she filed her petition timely or that an applicable exception applies, the Court holds she is not likely to meet this burden and denies the requested benefits.

### History of Claim

Ms. Flowers filed an April 8, 2026 petition alleging injuries to both arms caused by repetitive lifting from two years ago, in April 2024. She listed the date of injury as April 3, 2024, but also wrote in the petition that "[c]umulative trauma was documented and reported via medical records on April 8, 2024." Ms. Flowers also alleged that APCOM underpaid her benefits because it used the incorrect hourly pay rate.[1] Further, it had denied her claim based on "late notice."

Ms. Flowers requested an expedited hearing on the record with two hearing

---

[1] This allegation does not refer to temporary disability benefits paid under the Workers' Compensation Law, but to payments made under Ms. Flowers' short-term disability plan.

requests filed only weeks apart, both with affidavits. These filings, along with the petition and dispute certification notice, show that Ms. Flowers seeks an order compelling APCOM to provide medical treatment, including physical therapy, and temporary total disability benefits.[2]

The Court determined that an on-the-record review was appropriate and issued a docketing notice on May 28, setting deadlines for the parties to file any additional documentation, objections, and position statements. Both parties filed additional evidence.

In addition to the affidavits filed with her hearing requests, Ms. Flowers filed payroll records, a voicemail recording, a Fit for Duty Certification, and a Bureau letter.[3]

APCOM filed Rule 72 statements from Chris Wheeler and Wendy Henkle, employees in APCOM's human resources department, and Kathleen Jeremiah, a claims specialist for the carrier.

Ms. Flowers objected to some of APCOM's other proposed evidence. Specifically, she objected to an audio recording of a voicemail she purportedly left for APCOM employee Jonathan Dansby in 2024. She alleged the recording is incomplete and/or taken out of context.[4] Ms. Flowers's objection is overruled, as her objections go to weight rather than admissibility.

Ms. Flowers also "objected" to the sworn declaration of Chris Wheeler. However, the objection was not an evidentiary one. Instead, Ms. Flowers essentially argued that the statement was untrue. Since she stated no admissibility grounds for excluding the document, her objection is overruled.[5]

---

[2] As noted in previous orders, she also requested permanent total disability benefits, Rule 11 sanctions, an audit of records, and reimbursement for underpayment of her short-term disability, all of which are issues for which the Court either lacks jurisdiction or cannot consider in an expedited hearing.

[3] Most of the information in Ms. Flowers's first affidavit, as well as the majority of her documents, relates to her allegation that APCOM miscalculated or misreported her earnings to the disability carrier.

[4] Ms. Flowers also demanded immediate production of the entire recording, as well as her entire medical file and work file. This demand, as well as multiple filings of similar requests and allegations of withholding evidence, are denied, as they are not consistent with the discovery process set out in the Tennessee Rules of Civil Procedure. If and when properly served discovery requests are not timely answered, the Court will consider motions to compel.

[5] Similarly, the rest of Ms. Flowers's June 9 filing, including allegations of fraud, notice of intent

2

Finally, Ms. Flowers objected to APCOM's June 17 brief. In an email to APCOM's counsel and the Court, she contended the brief was filed after the deadline set out in the docketing notice. She also accused counsel of unethical behavior and threatened her with a complaint to the Board of Professional Responsibility. Ms. Flowers asked that the brief be stricken and requested that counsel "be penalized to the fullest extent of the law."

Ms. Flowers miscalculated the deadline. APCOM's brief was not late and will not be excluded. Further, the Court admonishes Ms. Flowers that, although parties are to be copied, filings should only address the Court and not other parties. The Court will not tolerate the unseemly practice of parties directing accusations, complaints, or other allegations to one another in their filings.

### Findings of Fact and Conclusions of Law

Ms. Flowers must prove she is likely to prevail at a compensation hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The threshold issue is whether Ms. Flowers's claim is barred by the statute of limitations. When an employer has not paid workers' compensation benefits, an employee's claim is barred unless they file a petition for benefit determination within one year after the accident resulting in injury. Tenn. Code Ann. § 50-6-203(b)(1). In cumulative trauma cases, "a court may determine the date of injury by considering the last day worked[.]" *Nickerson v. Knox County Gov't*, 2020 TN Wrk. Comp. App. Bd. LEXIS 52, at *13 (Sept. 2, 2020).

As noted above, Ms. Flowers asserted in her petition that her injury occurred in April 2024. Because she alleged cumulative trauma, other dates may be relevant. According to Mr. Wheeler and Ms. Henkle, Ms. Flowers's last day working for APCOM was May 2, and she informed APCOM in July that her condition was work-related but declined to file a claim. Instead, she chose to remain on short-term disability. Ms. Flowers stated in one of her affidavits that APCOM terminated her employment on October 11, 2024.

---

to subpoena telephone records, accusations of suppression of medical evidence, statutory violations, and falsified information, was mere unsworn allegation or argument. The Court will not admit or consider these statements as evidence.

Regarding benefit payments, Ms. Jeremiah confirmed that APCOM never authorized or furnished medical treatment or paid temporary disability benefits to Ms. Flowers.

Ms. Flowers filed her petition on April 8, 2026, which is considerably more than one year after the "accident resulting in injury," or if viewed as a cumulative injury, her last day worked. Further, she offered no proof that APCOM ever voluntarily paid any benefits for this injury. These circumstances suggest that the statute of limitations has run on her claim.

However, when an employer meets its burden to prove facts that would bar the claim, such as the expiration of the statute of limitations, the burden shifts to the employee to demonstrate a recognized exception. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008). Ms. Flowers contended in her May 8 affidavit that APCOM "should be estopped from asserting a Statute of Limitations defense, as their own illegal failure to file timely reports and their ongoing deceptive conduct created the delay."

Ms. Flowers is correct that, in some cases, employers may be estopped from asserting a statute of limitations defense where "an employee justifiably relies upon misrepresentation or concealment of a material fact by her employer" that is "specifically designed to prevent the employee from suing in a timely manner." *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *10-11 (Tenn. Workers' Comp. Panel Sept. 28, 2016) (citations omitted). An employee's reliance on the alleged misrepresentation is a required element of estoppel, and the party invoking the doctrine of equitable estoppel bears the burden of proof. *Id*.

Ms. Flowers's proof is insufficient to meet this burden. She alleged that APCOM hindered her claim by failing to file a First Report of Injury until 2026. She also objected to the "impossible" injury date mistakenly given on that form as April 3, 2026. However, merely late filing a Bureau form is insufficient to constitute a material misrepresentation or to estop an employer from asserting a statute of limitations defense. *Jose Cisneros Brandenburg Industrial Service Co., et al.*, 2026 TN Wrk. Comp. App. Bd. LEXIS 4, at *14 (Jan. 22, 2026).

Ms. Flowers also contended that APCOM intentionally induced her to file for short-term disability instead of workers' compensation. However, none of the proof submitted by the parties supports her contention that APCOM steered her away from filing a workers' compensation claim or "engaged in conduct specifically designed

4

to prevent" her from doing so.   Similarly, Ms. Flowers offered no proof that she relied on the alleged misrepresentation.

Because Ms. Flowers presented no proof of filing her claim within one year of her injury date or last day worked, and because she did not demonstrate a recognized exception to the one-year period of limitations, the Court must hold she is not likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Flowers's claim against APCOM is denied at this time.

2. This case is set for a Scheduling Hearing on September 2, 2026, at 10:30 a.m. You must call 855-874-0473.  Failure to call might result in a determination of the issues without your further participation.  All hearings are set using Central Time.

**ENTERED June 25, 2026.**

_____
**JUDGE DALE TIPPS**
**Court of Workers' Compensation Claims**

**APPENDIX**

**Exhibits:**
1. Documents attached to Ms. Flowers's May 8, 2026 Request
2. Documents attached to Ms. Flowers's May 26, 2026 Request
3. Recording of voicemail from Chris Wheeler to Ms. Flowers
4. April 9, 2026 Bureau letter to The Hartford
5. April 2026 email from Chris Wheeler to The Hartford
6. May 2026 payroll record from AOSmith (APCOM)
7. October 2024 payroll record from AOSmith (APCOM)
8. December 2023 payroll record from AOSmith (APCOM)
9. July 12, 2024 Fit For Duty Certification from Dr. Lee Hunter
10. Recording of voicemail from Ms. Flowers to Jonathan Dansby

5

11. Rule 72 Declaration of Wendi Henkle
12. Rule 72 Declaration of Chris Wheeler
13. Rule 72 Declaration of Kathleen Jeremiah

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 25, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Nicole Flowers, Employee | | X | ███████████████. |
| Lee Anne Murray, Employer's Attorney | | X | leeamurray@feeneymurray.com |

<br>

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*